**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF | MARTIN LUTHER KING |
| **ESTHER SALAS** | **COURTHOUSE** |
| UNITED STATES DISTRICT JUDGE | **50 WALNUT ST.** |
| | **ROOM 5076** |
| | **NEWARK, NJ 07101** |
| | **973-297-4887** |

August 10, 2021

## LETTER ORDER

Re:     ***Dabur India Ltd., et al. v. Meenaxi Enterprises Inc., et al.***
        ***Civil Action No. 21-11402 (ES) (CLW)***

Dear parties:

On May 18, 2021, Plaintiffs Dabur India, Ltd., and Dabur International Ltd. filed suit against Defendants Meenaxi Enterprises, Inc; Nupur Trading, LLC; Tathastu Trading, LLC; Meenaxi Gandhi; Alka H. Amin; and Rashmi Desai.  (D.E. No. 1).  Then on August 3, 2021, Plaintiffs filed an amended complaint, which, among other things, added Defendant Hemang S. Amin to this action.  (D.E. No. 27).  The amended complaint is now the operative complaint, and its filing moots two pending motions.

The first motion is a motion to dismiss, which Defendants Meenaxi Enterprises, Inc., and Meenaxi Gandhi filed on July 13, 2021.  (D.E. No. 19).  *See, e.g.*, *Little v. Connecticut Gen. Life Ins. Co.*, No. 11-2944, 2011 WL 5025125, at *5 (D.N.J. Oct. 21, 2011) ("CGLIC's motion to dismiss is moot because there can only be one operative complaint, which is now Plaintiffs' amended complaint.").  To be sure, the Court could, in its discretion, comb through both complaints and the motion to dismiss to determine what arguments remain viable for the moving Defendants.  *See Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 (E.D. Pa. 1999) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." (quoting 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1476 at 558 (2nd ed. 1990))).  However, it is better for the parties to take on that task, especially because the motion to dismiss was only recently filed.  As such, the Court will require moving Defendants to move again to dismiss the complaint with a moving brief that is tailored to the amended complaint.

The second motion is a motion for default judgment, which Plaintiffs filed on July 14, 2021, following to the Clerk of Court's entry of default against Defendants Nupur Trading, LLC, and Alka H. Amin.  (D.E. No. 22).  "[T]he Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint."  *E.g., Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 17-3877, 2018 WL 3159852, at *1 (D.N.J. Mar. 9,

2018) (collecting cases); *see also United States v. MyCek*, No. 19-14115, 2020 WL 7408061, at *1 (D.N.J. Nov. 20, 2020) (same).  The same is true of the corresponding motion for default judgment.

It is therefore ordered that the pending motions to dismiss (D.E. No. 19) and for default judgment (D.E. No. 22) are DENIED as moot.

**SO ORDERED.**

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**